## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| FRANCHESCA FERNANDEZ DeCORTORREA : | |
|     Plaintiff, : | |
| : | |
| vs. : | C.A. No. |
| : | |
| PROVIDENCE COMMUNITY HEALTH : | |
| CENTERS, INC., d/b/a PROVIDENCE : | |
| COMMUNITY HEALTH CENTERS, REBECCA : | |
| KAY HEFLIN, N.P., and MELANIE DUBOIS : | |
|     Defendants : | **PLAINTIFF DEMANDS THE RIGHT TO A JURY TRIAL** |

## COMPLAINT

### Introduction

1. Plaintiff Franchesca Fernandez DeCortorrea is a resident of Providence, Rhode Island.

2. Defendant Providence Community Health Centers, Inc., d/b/a Providence Community Health Centers ("Providence Community Health Centers"), is, upon information and belief, a federally-qualified health center. At all relevant times, Defendant Providence Community Health Centers maintained its principal place of business at 375 Allens Avenue, Providence, RI 02905, where it provided, through its agents and employees, health care services.

3. Defendant Rebecca Kay Heflin, N.P. is, upon information and belief, a resident of the State of Rhode Island. At all relevant times, Defendant Rebecca Kay Heflin, N.P. was a nurse practitioner engaged in the practice of medicine in the State of Rhode Island, and was an employee, agent and/or servant of Providence Community Health Centers.

4. Defendant Melanie Dubois is, upon information and belief, a resident of the State of Rhode Island. At all relevant times, Defendant Melanie Dubois was a student nurse practitioner engaged in the practice of medicine in the State of Rhode Island, and was an employee, agent and/or servant of Providence Community Health Centers.

5. This Court has jurisdiction pursuant to the Federally Supported Health Centers Assistance Act of 1992, as amended 42 U.S.C. § 233 (g)-(n) and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.

6. On May 8, 2017, A pre-suit demand was sent to the United States Department of Health and Human Services Office of General Counsel pursuant to 28 U.S.C. § 2675(b); 28 C.F.R. § 2401(b).

7. More than six (6) months have passed since the filing of the pre-suit demand on May 8, 2017.

### COUNT I
### Negligence
### (Against Providence Community Health Centers)

8. The prior paragraphs are incorporated by reference as if fully set forth herein.

9. Beginning on or about October 21, 2015, Providence Community Health Centers, its agents, servants, and employees undertook for valuable consideration to provide health care and treatment to Plaintiff Franchesca Fernandez DeCortorrea.

10. On November 24, 2015, Plaintiff Franchesca Fernandez DeCortorrea presented at the Providence Community Health Centers for evaluation of wart removal.

11. Nurse practitioner student, Melanie Dubois, inserted a syringe and attempted to apply histofreeze. Ms. Dubois inserted a syringe into Plaintiff Franchesca Fernandez DeCortorrea's hand and squeezed to apply the histofreeze. In doing so, Ms. Dubois spilled the histofreeze onto Plaintiff Franchesca Fernandez DeCortorrea's hand, causing permanent injury to Plaintiff's hand.

12. Ms. Dubois performed the procedure under the supervision of Nurse Practitioner Rebecca Kay Heflin.

13. At all relevant times herein, Defendant Providence Community Health Centers, by and through its agents, servants and/or employees, owed a duty to exercise the degree of care and skill that was expected of a reasonably competent practitioner in the same class to which they belong, acting in the same or similar circumstances.

14. Defendant Providence Community Health Centers breached those duties and was negligent to the extent it failed to exercise reasonable care under the circumstances in the following particulars:

   a. in failing to properly control, supervise, restrict and/or direct its employees, agents, and/or servants;

   b. in failing to properly screen, train and/or monitor its employees, agents and/or servants;

   c. in negligently hiring its employees, servants or agents;

   d. in failing to take reasonable precautions and safety measures for the safety of its patients.

15. The agents, servants, and employees of Defendant Providence Community Health Centers failed to exercise the requisite degree of care and skill in its provision of health care and treatment to Plaintiff Franchesca Fernandez DeCortorrea, thereby causing Plaintiff Franchesca Fernandez DeCortorrea to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

16. As a direct and proximate result of the negligence of the agents, servants, and employees of Defendant Providence Community Health Centers, Plaintiff Franchesca Fernandez DeCortorrea was severely injured, has suffered great pain of body, nerves and nervous system, suffered disfigurement, suffered a loss of enjoyment of life, suffered lost wages, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Franchesca Fernandez DeCortorrea otherwise was injured.

WHEREFORE, Plaintiff Franchesca Fernandez DeCortorrea demands judgment against Defendant Providence Community Health Centers for compensatory damages, plus interest and costs.

### COUNT II
### Negligence
**(Against Rebecca Kay Heflin, N.P.)**

17. The prior paragraphs are incorporated by reference as if fully set forth herein.

18. Beginning on or about November 24, 2015, Defendant Rebecca Kay Heflin, N.P. undertook for valuable consideration to provide health care and treatment to Plaintiff Franchesca Fernandez DeCortorrea.

19. It then and there became and was the duty of Defendant Rebecca Kay Heflin, N.P. to exercise the degree of care and skill that was expected of a reasonably competent nurse practitioner in the same class to which she belongs, acting in the same or similar circumstances.

20. Nevertheless, Defendant Rebecca Kay Heflin, N.P. failed to exercise the requisite degree of care and skill in her provision of health care and treatment to Plaintiff Franchesca Fernandez DeCortorrea, thereby causing Plaintiff Franchesca Fernandez DeCortorrea to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

21. As a direct and proximate result of the negligence of Defendant Rebecca Kay Heflin, N.P., Plaintiff Franchesca Fernandez DeCortorrea was severely injured, has suffered great pain of body, nerves and nervous system, suffered disfigurement, suffered a loss of enjoyment of life, suffered lost wages, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Franchesca Fernandez DeCortorrea otherwise was injured.

WHEREFORE, Plaintiff Franchesca Fernandez DeCortorrea demands judgment against Defendant Rebecca Kay Heflin, N.P. for compensatory damages, plus interest and costs.

## COUNT III
### Negligence
### (Against Melanie Dubois)

22. The prior paragraphs are incorporated by reference as if fully set forth herein.

23. Beginning on or about November 24, 2015, Defendant Melanie Dubois undertook for valuable consideration to provide health care and treatment to Plaintiff Franchesca Fernandez DeCortorrea.

24. It then and there became and was the duty of Defendant Melanie Dubois to exercise the degree of care and skill that was expected of a reasonably competent nurse practitioner in the same class to which she belongs, acting in the same or similar circumstances.

25. Nevertheless, Defendant Melanie Dubois failed to exercise the requisite degree of care and skill in her provision of health care and treatment to Plaintiff Franchesca Fernandez DeCortorrea, thereby causing Plaintiff Franchesca Fernandez DeCortorrea to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

26. As a direct and proximate result of the negligence of Defendant Melanie Dubois, Plaintiff Franchesca Fernandez DeCortorrea was severely injured, has suffered great pain of body, nerves and nervous system, suffered disfigurement, suffered a loss of enjoyment of life, suffered lost wages, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Franchesca Fernandez DeCortorrea otherwise was injured.

WHEREFORE, Plaintiff Franchesca Fernandez DeCortorrea demands judgment against Defendant Melanie Dubois for compensatory damages, plus interest and costs.

## COUNT IV
### Vicarious Liability
### (Against Providence Community Health Centers)

27. The prior paragraphs are incorporated by reference as if fully set forth herein.

28. At all times relevant to their provision of health care and treatment to Plaintiff Franchesca Fernandez DeCortorrea, Defendants Rebecca Kay Heflin, N.P. and Melanie Dubois were agents, servants, or employees of Defendant Providence Community Health Centers and were acting within the scope of that agency or employment.

29. As a proximate result of Defendants Rebecca Kay Heflin, N.P. and Melanie Dubois' negligence for which Defendant Providence Community Health Centers is responsible, Plaintiff Franchesca Fernandez DeCortorrea was severely injured, has suffered great pain of body, nerves and nervous system, suffered disfigurement, suffered a loss of enjoyment of life, suffered lost wages, became liable to pay large sums of monies for hospital and medical treatment, care and attention, and Franchesca Fernandez DeCortorrea otherwise was injured.

WHEREFORE, Plaintiff Franchesca Fernandez DeCortorrea demands judgment against Defendant Providence Community Health Centers for compensatory damages, plus interest and costs.

**DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury.

> PLAINTIFF,
> Franchesca Fernandez DeCortorrea,
> By her Attorneys,
>
>
> /s/ Gil A. Bianchi, Jr.
> Gil A. Bianchi, Jr.         Bar No. 6421
> BIANCHI & BROUILLARD, P.C.
> The Hanley Building
> 56 Pine Street, Suite 250
> Providence, R.I. 02903
> Tel: 401-223-2990
> Fax: 877-548-4539
> gbianchi@bbrilaw.com

|  |  |
|---|---|
|  | /s/ Erica M. O'Connell |
|  | Erica M. O'Connell    Bar No. 7976 |
|  | BIANCHI & BROUILLARD, P.C. |
|  | The Hanley Building |
|  | 56 Pine Street, Suite 250 |
|  | Providence, R.I. 02903 |
|  | Tel: 401-223-2990 |
| DATE: November 17, 2017 | Fax: 877-548-4539 |
|  | eoconnell@bbrilaw.com |